Patrick R. Leverty, Esq., NV Bar No. 8840
William R. Ginn, Esq., NV Bar No. 6989
LEVERTY & ASSOCIATES LAW CHTD.
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YILAN SHI, Individually and on behalf of all others similarly situated, | **Case No: 2:20-cv-553** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | **JURY TRIAL DEMANDED** |
| PAYSIGN, INC., MARK R. NEWCOMER, and MARK ATTINGER, | |
| Defendants. | |

Plaintiff Yilan Shi ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Paysign, Inc. ("Paysign" or the "Company"), and information readily obtainable on

the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Paysign securities from March 12, 2019 through March 15, 2020, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.      Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business and the Company is headquartered in this Judicial District.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Paysign securities during the Class Period and was economically damaged thereby.

7.      Defendant Paysign purports to provide prepaid card programs and processing services under the PaySign brand to corporations, government agencies, universities, and other organizations. The Company changed its name from 3PEA International Inc. to Paysign, Inc. on April 23, 2019. Paysign is incorporated in Nevada and with headquarters located at 1700 W Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89012. Prior to April 23, 2019, the Company's stocked traded on the NASDAQ under the ticker symbol "TPEA." Since April 23, 2019, the Company's stock trades on the NASDAQ under the ticker symbol "PAYS."

8.      Defendant Mark R. Newcomer ("Newcomer") co-founded the Company and served as the Company's Chief Executive Officer ("CEO") and Vice-Chairman throughout the Class Period.

9.      Defendant Mark Attinger ("Attinger") has served as the Company's Chief Financial Officer ("CFO") throughout the Class Period.

10.     Defendants Newcomer and Attinger are collectively referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

Class Action Complaint for Violation of the Federal Securities Laws

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under respondeat superior and agency principles.

14.     The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15.     On March 12, 2019, the Company filed its annual report on Form 10-K for the year ended December 31, 2018 with the SEC (the "2018 10-K"). The 2018 10-K was signed by Defendants Attinger and Newcomer. The 2018 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Attinger and Newcomer attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

16.     The 2018 10-K stated the following risk regarding Paysign's computer network systems and data centers:

Our ability to provide reliable service to our clients and cardholders depends on the efficient and uninterrupted operation of our computer network systems and data centers as well as those of our third party service providers. Our business involves movement of large sums of money, processing of large numbers of transactions and management of the data necessary to do both. Our success depends upon the efficient and error-free handling of the money. We rely on the ability of our employees, systems and processes and those of the banks that issue our cards, our third party service providers to process and facilitate these transactions in an efficient, uninterrupted and error-free manner.

Class Action Complaint for Violation of the Federal Securities Laws

In the event of a breakdown, a catastrophic event (such as fire, natural disaster, power loss, telecommunications failure or physical break-in), a security breach or malicious attack, an improper operation or any other event impacting our systems or processes, or those of our vendors, or an improper action by our employees, agents or third-party vendors, we could suffer financial loss, loss of customers, regulatory sanctions and damage to our reputation. The measures we have taken, including the implementation of disaster recovery plans and redundant computer systems, may not be successful, and we may experience other problems unrelated to system failures. We may also experience software defects, development delays and installation difficulties, any of which could harm our business and reputation and expose us to potential liability and increased operating expenses. We currently do not carry business interruption insurance.

17. As to Paysign's internal controls over financial reporting, the 2018 10-K stated "management concluded that our internal control over financial reporting was effective as of December 31, 2018."

18. On May 5, 2019, the Company filed its quarterly report with the SEC for the quarter ended March 31, 2019 (the "1Q 2019 10-Q"). The 1Q 2019 10-Q was signed by Defendants Attinger and Newcomer. The 1Q 2019 10-Q contained signed SOX certifications by Defendants Attinger and Newcomer attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19. The 1Q 2019 10-Q stated that there "were no changes in our internal controls over financial reporting that occurred during the quarter ended March 31, 2019 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

20. On August 7, 2019, the Company filed its quarterly report with the SEC for the quarter ended June 30, 2019 (the "2Q 2019 10-Q"). The 2Q 2019 10-Q was signed by Defendants Attinger and Newcomer. The 2Q 2019 10-Q contained signed SOX certifications by Defendants Attinger and Newcomer attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

Class Action Complaint for Violation of the Federal Securities Laws

21.     The 2Q 2019 10-Q stated that there "were no changes in our internal controls over financial reporting that occurred during the quarter ended June 30, 2019 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

22.     On November 6, 2019, the Company filed its quarterly report with the SEC for the quarter ended September 30, 2019 (the "3Q 2019 10-Q"). The 3Q 2019 10-Q was signed by Defendants Attinger and Newcomer. The 3Q 2019 10-Q contained signed SOX certifications by Defendants Attinger and Newcomer attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

23.     The 3Q 2019 10-Q stated that there "were no changes in our internal controls over financial reporting that occurred during the quarter ended September 30, 2019 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

24.     The statements contained in ¶¶15-23 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Paysign's internal control over financial reporting was not effective; (2) Paysign's information technology general controls were not effective; and (3) as a result, Defendants' statements about Paysign's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

**The Truth Begins To Emerge**

25.     On March 16, 2020, before the market opened, Paysign filed a Form 12b-25, disclosing it was unable to timely file its annual report for the fiscal year ended December 31, 2019 due to the requiring addition time to complete the Company's financial audit. The Company also identification of material weaknesses in its internal controls relating to its internal control over

Class Action Complaint for Violation of the Federal Securities Laws

financial reporting and its information technology general controls. The Company's accompanying press release stated, in relevant part:

> Paysign, Inc. (NASDAQ: PAYS) ("Paysign"), a vertically integrated provider of innovative prepaid card programs, digital banking and processing services for corporate, consumer and government applications, announced today ***that it will be delayed in the filing of its Annual Report on Form 10-K for the fiscal year ended December 31, 201***9. Paysign is filing a Form 12b-25, Notification of Late Filing, with the Securities and Exchange Commission, which will provide Paysign with a 15 calendar-day extension beyond the March 16, 2020 deadline within which to file the annual report on Form 10-K. ***The filing extension will provide the necessary time to complete the financial audit***.
>
> For the full year 2019, total revenues are expected to be $34.7 million, an increase of 48% when compared to 2018. Net income attributable to Paysign on a GAAP basis is expected to be $7.5 million, an increase of 188% when compared to 2018, and Adjusted EBITDA is expected to be $10.1 Million, an increase of 106% when compared to 2018.
>
> These are preliminary results and estimates based on current expectations and are subject to completion of the financial audit. Actual results may differ materially. Paysign expects to finalize its financial results and file its Annual Report on Form 10-K no later than the prescribed due date allowed pursuant to Rule 12b-25.
>
> ***Separately, in the course of completing its assessment of internal controls over financial reporting for 2019 and the company's initial year of compliance with Sarbanes-Oxley 404b, management identified material weaknesses related to (i) assessment of internal controls over financial reporting and (ii) information technology general controls***.

(Emphasis added).

26.     On this news, shares of Paysign fell $0.93 per share, or nearly 17%, to close at $4.59 per share on March 16, 2020, damaging investors.

27.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

////

////

Class Action Complaint for Violation of the Federal Securities Laws

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

28.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publicly traded securities of Paysign during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

29.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Paysign securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

30.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

32.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- •      whether the federal securities laws were violated by Defendants' acts as alleged herein;

Class Action Complaint for Violation of the Federal Securities Laws

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

- whether the prices of Paysign securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

34.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Paysign securities are traded in efficient markets;

- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

Class Action Complaint for Violation of the Federal Securities Laws

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Paysign securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

35.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

36.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in Affiliated Ute Citizens of the State of Utah v. United States, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

37.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38.     This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

39.      During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

Class Action Complaint for Violation of the Federal Securities Laws

40.     The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Paysign securities during the Class Period.

41.     The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

42.     Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

Class Action Complaint for Violation of the Federal Securities Laws

43.     As a result of the foregoing, the market price of Paysign securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Paysign securities during the Class Period in purchasing Paysign securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

44.     Had Plaintiff and the other members of the Class been aware that the market price of Paysign securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased Paysign securities at the artificially inflated prices that they did, or at all.

45.      As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

46.     By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Paysign securities during the Class Period.

### COUNT II

**Violation of Section 20(a) of The Exchange Act
Against The Individual Defendants**

47.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48.     During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

- 12 -

49.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

50.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Paysign securities.

51.     Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

52.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

Class Action Complaint for Violation of the Federal Securities Laws

1    C.    Awarding Plaintiff and the other members of the Class prejudgment and post-

2  judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

3    D.    Awarding such other and further relief as this Court may deem just and proper.

4                              **DEMAND FOR TRIAL BY JURY**

5    Plaintiff hereby demands a trial by jury.

6

7  Dated: March 19, 2020                    Respectfully submitted,

8                                           **LEVERTY & ASSOCIATES LAW CHTD.**

9                                           By:*/s/Patrick R. Leverty*
10                                          Patrick R. Leverty (NV Bar. No. 8840)
                                            William R. Ginn (NV Bar No. 6989)
11                                          832 Willow Street
                                            Reno, Nevada 89502
12                                          Telephone: (775) 322-6636
                                            Facsimile: (213) 322-3953
13                                          Email: pat@levertylaw.com

14
                                            *Local Counsel for Plaintiff*
15
                                            **THE ROSEN LAW FIRM, P.A.**
16                                          Phillip Kim, Esq.
17                                          Laurence M. Rosen, Esq.
                                            275 Madison Avenue, 40th Floor
18                                          New York, NY 10016
                                            Telephone: (212) 686-1060
19                                          Fax: (212) 202-3827
20                                          Email: pkim@rosenlegal.com
                                                      lrosen@rosenlegal.com
21

22
                                            *Counsel for Plaintiff*
23

24

25

26

27

28

Class Action Complaint for Violation of the Federal Securities Laws