# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re Paysign, Inc. Securities Litigation | Case No. 2:20-cv-00553-GMN-DJA |
| | **Order** |

Before the Court is the parties' stipulated discovery plan and scheduling order, requesting special scheduling review. (ECF No. 46). The parties explain that their schedule "seeks more time to complete events than set forth in the Local Rules of Civil Practice for the District of Nevada at LR 26-1…because this case is a complex securities class action." (*Id.* at 2). However, the parties' schedule contains a few deficiencies.

While the parties seek longer deadlines, they do not provide the date from which they calculate their discovery period. Under Local Rule 26-1(b)(1), "[t]he plan must state the date the first defendant answered or otherwise appeared, the number of days required for discovery measured from that date, and the calendar date on which discovery will close." Without providing the date from which they are calculating their remaining deadlines, the Court cannot properly evaluate the parties' discovery plan.

The parties' schedule also seeks longer briefing periods for the motion for class certification and dispositive motions than provided in Local Rule 7-2(b). *See* LR 7-2(b) (providing a fourteen-day deadline for responses to motions and a seven-day deadline for replies). But by seeking longer briefing schedules through the discovery plan—rather than through a motion—the parties ask the Court to decide whether an extension is proper before the issue is ripe. This is particularly true because the parties do not explain the reasons for the extensions requested as required by Local Rule IA 6-1. *See* LR IA 6-1 ("[a] motion or stipulation to extend time must state the reasons for the extension requested…"). Nor do they reference Fed. R. Civ. P.

6(b), which governs extensions of time. *See* Fed. R. Civ. P. 6(b). Additionally, class certification motions and dispositive motions are motions which a magistrate judge may not finally determine under 28 U.S.C. § 636(b)(1)(A). This means that—unless the assigned district judge refers the motions to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4—the decision whether to extend the briefing schedule for these motions is more properly decided by the district judge.

The parties also seek to conclude expert discovery after fact discovery, a bifurcated process not provided in Local Rule 26-1(b)(1) and (3). Local Rule 26-1(b)(1) and (3) provide that expert discovery should conclude before the discovery cut-off date. While the parties explain why they need longer discovery deadlines, they do not explain why they require bifurcated discovery. And given the complications that can arise when discovery disputes regarding experts occur after the close of discovery (and specific to this proposed schedule, after the proposed deadline for discovery motions), the Court is not inclined to grant bifurcation without robust explanation.

Finally, the parties provide in Section 7(b)(iv) and (v) that, if they are unable to agree on an ESI Protocol or Proposed Confidentiality Order, then they will:

> jointly notify the Court and provide the Court with a proposed schedule to allow for the parties to complete negotiations regarding the ESI Protocol [and Proposed Confidentiality Order], and, in the event the parties are at an impasse, for submitting disputes related to the ESI Protocol [and Proposed Confidentiality Order] to the Court.

(ECF No. 46 at 5-6).

However, the parties need not notify the Court about their negotiation or briefing schedule unless, for example, the parties are disputing those issues, seeking longer periods of time than provided in the Federal and Local Rules, or moving for some form of relief.

///

///

///

**IS THEREFORE ORDERED** that the parties' discovery plan (ECF No. 46) is **denied without prejudice.** The parties shall file a renewed stipulated discovery plan addressing the issues outlined in this order on or before **May 11, 2023**.

DATED: April 20, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE