**GREENBERG TRAURIG, LLP**
Christopher R. Miltenberger, Esq. (Nevada Bar No. 10153)
miltenbergerc@gtlaw.com
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002

**GREENBERG TRAURIG, LLP**
Daniel J. Tyukody, Esq. (California Bar No. 123323)
(Admitted *Pro Hac Vice*)
tyukodyd@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone:  (310) 586-7723

*Attorneys for Defendants Paysign, Inc.,
Mark R. Newcomer, and Mark Attinger*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE PAYSIGN, INC. SECURITIES LITIGATION | Case No.: 2:20-CV-00553-GMN-DJA<br><br>Hon. Gloria M. Navarro<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** |

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone:   (702) 792-3773
Facsimile:   (702) 792-9002

Defendants Paysign, Inc. ("Paysign"), Mark R. Newcomer, and Mark Attinger (collectively, "Defendants"), by and through their counsel of record and on behalf of themselves and no other party, hereby answer the Consolidated Amended Class Action Complaint for Violations of the Securities Laws (the "Amended Complaint") filed by Lead Plaintiffs Johann Francisconi and Raheel Shahzad (collectively, "Plaintiffs"). Defendants deny all allegations in the Amended Complaint to the extent they (i) contend or suggest that Defendants filed false certifications under the Sarbanes-Oxley Act; (ii) contend or suggest that Defendants knowingly or negligently employed Alfred De Joya in a way that constituted practicing before the Securities and Exchange Commission ("SEC") while he was prohibited from doing so; (iii) contend or suggest that Plaintiffs or members of the putative class have suffered any damages as a consequence of any acts of Defendants alleged in the Amended Complaint; (iv) contend or suggest that Defendants have any liability under the Amended Complaint; and (v) contend or suggest that Plaintiffs have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for the claims against Defendants. Defendants deny any averments in the headings and subheadings in the Amended Complaint.

Because the Court's February 9, 2023 Order ("MTD Order") dismissed Daniel Spence from this action, Defendants intend to respond only as to allegations directed at them. Thus, where Defendants respond to allegations that concern Spence's purported liability, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Spence unless Defendants expressly state otherwise.

The introductory paragraph beginning on page 1 of the Amended Complaint contains conclusions of law as to which no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the introductory paragraph beginning on page 1 of the Amended Complaint, except admit that Plaintiffs bring claims based on the purported investigation referenced therein and deny that "substantial evidentiary support exists for the allegations" in the Amended Complaint.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

ACTIVE 687606000v6

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

## NATURE OF THE ACTION

1.    The allegations of Paragraph 1 do not require a response because they assert contentions of law and conclusions rather than factual allegations.  To the extent a response to Paragraph 1 is required, Defendants admit that Plaintiffs have filed this putative class action for alleged violations of the cited statutes and purport to seek the identified remedies, but (i) aver that the cited statutes speak for themselves, (ii) deny that Plaintiffs have standing to bring this action on behalf of the purported class or that this case can be certified or treated as a class action, and (iii) deny that Plaintiffs' claims have any merit for the Court to grant the remedies sought.  To the extent the allegations of Paragraph 1 include allegations against Spence, no response to that portion is required due to the MTD Order.

2.    To the extent a response to Paragraph 2 is required, Defendants (i) deny the characterization of the statements allegedly made by Defendants, and (ii) deny the remaining allegations contained in Paragraph 2.  To the extent the allegations of Paragraph 2 include allegations against Spence, no response to that portion is required due to the MTD Order.

3.    Defendants admit that a name change occurred from 3PEA International, Inc. to Paysign on April 23, 2019 and that the company is based in Henderson, Nevada, but deny that the remaining allegations contained in Paragraph 3 constitute a complete and accurate description of Paysign's business and operations.

4.    Defendants admit that Newcomer was Paysign's Chief Executive Officer and that Attinger was Paysign's Chief Financial Officer during the putative class period and admit that they signed Paysign's 2019 Form 10-K and Form 10-Q reports, but deny the remaining allegations contained in Paragraph 4 and respectfully refer the Court to Paysign's SEC filings for a complete and accurate statement of Newcomer's and Spence's stock ownership.

5.    The allegations contained in Paragraph 5 state legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Defendants admit that they employed De Joya on a part-time basis, but deny the remaining allegations contained in Paragraph 5.

3

ACTIVE 687606000v6

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

6.    Defendants admit that De Joya worked for Paysign and served as Paysign's CFO from 2007 to 2015, but deny the remaining allegations contained in Paragraph 6.

7.    Defendants admit that De Joya was suspended from practicing or appearing before the SEC and that the SEC issued a cease-and-desist order against De Joya in September 2015, but (i) aver that the cited documents speak for themselves, (ii) deny that Paysign "has admitted that De Joya's assistance in preparing the Company's financial statements for 2019 was impermissible," and (iii) lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore deny them.

8.    The allegations contained in Paragraph 8 state legal conclusions as to which no response is required or appropriate. To the extent that a response is required, Defendants (i) lack knowledge or information sufficient to form a belief as to the truth or falsity of whether a confidential witness provided the alleged information, and (ii) deny the remaining allegations contained in Paragraph 8.

9.    The allegations contained in Paragraph 9 state legal conclusions as to which no response is required or appropriate. To the extent that a response is required, Defendants (i) lack knowledge or information sufficient to form a belief as to the truth or falsity of whether a confidential witness provided the alleged information, and (ii) deny the remaining allegations contained in Paragraph 9. To the extent the allegations of Paragraph 9 include allegations against Spence, no response to that portion is required due to the MTD Order.

10.    The allegations contained in Paragraph 10 state legal conclusions as to which no response is required or appropriate. To the extent that a response is required, Defendants (i) aver that the cited March 12, 2019 Form 10-K speaks for itself, and (ii) deny the remaining allegations contained in Paragraph 10. To the extent the allegations of Paragraph 10 include allegations against Spence, no response to that portion is required due to the MTD Order.

11.    Defendants admit that Paysign filed a Notification of Late Filing on March 16, 2020, but (i) aver that the cited notification speaks for itself, and (ii) deny the remaining allegations contained in Paragraph 11.

4

ACTIVE 687606000v6

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

12.     Defendants admit the referenced stock prices, but deny the remaining allegations contained in Paragraph 12.

13.     Defendants admit that it issued a press release on March 31, 2020, but (i) aver that the quoted press release speaks for itself, and (ii) respectfully refer the Court to the complete press release for a complete and accurate statement of its content and surrounding context.

14.     Defendants admit the referenced stock prices, but deny the remaining allegations contained in Paragraph 14.

15.     The allegations contained in Paragraph 15 state legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 15.  To the extent the allegations of Paragraph 15 include allegations against Spence, no response to that portion is required due to the MTD Order.

16.     Defendants admit that the quoted statement appears in Paysign's 2019 Form 10-K, but deny the characterization and respectfully refer the Court to the complete 2019 Form 10-K for a complete and accurate statement of its content and surrounding context.

17.     The allegations contained in Paragraph 17 state legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Defendants (i) deny the allegations contained in Paragraph 17, and (ii) deny that Plaintiffs have standing to bring this action on behalf of the purported class or that this case can be certified or treated as a class action.

18.     To the extent the allegations of Paragraph 18 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 18, except admit that Plaintiffs purport to bring this action pursuant to the statutes cited.

19.     To the extent the allegations of Paragraph 19 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 19, except admit that Plaintiffs purport to base jurisdiction over the subject matter of this action pursuant to the statutes cited.

20.     To the extent the allegations of Paragraph 20 consist of legal conclusions, no

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

*ACTIVE 687606000v6*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

response is required or appropriate.  To the extent that a response is required, Defendants (i) admit that Paysign is incorporated in Nevada with its principal place of business in Henderson, Nevada; (ii) admit that Plaintiffs purport to base venue over the subject matter of this action pursuant to the statutes cited; and (iii) deny the remaining allegations contained in Paragraph 20.  To the extent the allegations of Paragraph 20 include allegations against Spence, no response to that portion is required due to the MTD Order.

21.    To the extent the allegations of Paragraph 21 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 21.  To the extent the allegations of Paragraph 21 include allegations against Spence, no response to that portion is required due to the MTD Order.

22.    To the extent the allegations of Paragraph 22 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants (i) deny that Francisconi suffered damages as a result of federal securities laws violations; and (ii) lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22, and therefore deny them.

23.    To the extent the allegations of Paragraph 23 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants deny that Shahzad suffered damages as a result of federal securities laws violations; and (ii) lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 23, and therefore deny them.

24.    Defendants admit the allegations contained in Paragraph 24.

25.    Defendants admit that Newcomer was Paysign's co-founder, President, CEO, and a member of the Company's Board of Directors, but deny the allegations contained in Paragraph 25 completely and accurately represent Newcomer's stock ownership, and respectfully refer the Court to Paysign's SEC filings for a complete and accurate statement of Newcomer's stock ownership.

26.    Defendants admit the allegations contained in Paragraph 26.

6

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

27.    Defendants admit that Spence was Paysign's co-founder, CTO, and a member of the Company's Board of Directors, but deny the allegations contained in Paragraph 27 completely and accurately represent Spence's stock ownership, and respectfully refer the Court to Paysign's SEC filings for a complete and accurate statement of Spence's stock ownership.  To the extent the allegations of Paragraph 27 include allegations against Spence, no response to that portion is required due to the MTD Order.

28.    Because Paragraph 28 contains only an internal definition and no factual allegations, no response is required.

29.    Because Paragraph 29 contains only an internal definition and no factual allegations, no response is required.

30.    To the extent the allegations of Paragraph 30 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 30.  To the extent the allegations of Paragraph 30 include allegations against Spence, no response to that portion is required due to the MTD Order.

31.    Defendants admit that (i) Paysign was founded in 2001 by Newcomer and Spence, (ii) the company changed its name from Paypad Inc. to 3PEA on October 19, 2006, (iii) the company amended its articles of incorporation on April 23, 2019 to change its name to Paysign and changed its NASDAQ trading symbol to "PAYS," but deny that the allegations contained in Paragraph 31 constitute a complete and accurate description of Paysign's business and operations, and respectfully refer the Court to Paysign's public SEC filings for a complete and accurate description of these matters.

32.    Defendants deny that the allegations contained in Paragraph 32 constitute a complete and accurate description of Paysign's business and operations, and respectfully refer the Court to Paysign's public SEC filings for a description of these matters.

33.    Defendants deny that the allegations contained in Paragraph 33 constitute a complete and accurate description of Paysign's business and operations, and respectfully refer the Court to Paysign's public SEC filings for a description of these matters.

7

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

ACTIVE 687606000v6

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

34. Defendants deny that the allegations contained in Paragraph 34 constitute a complete and accurate description of Paysign's business and operations, and respectfully refer the Court to Paysign's public SEC filings for a description of these matters.

35. Defendants admit that Paysign's financial statements were audited by De Joya & Company ("De Joya & Co.") before De Joya joined Paysign, that De Joya was the principal of De Joya & Co., and that the SEC sanctioned De Joya in September 2015, but (i) respectfully refer the Court to the referenced SEC cease-and-desist order for a complete and accurate description of its contents, and (ii) deny the remaining allegations contained in Paragraph 35.

36. Defendants admit that Sarna & Company ("Sarna") served as Paysign's public accounting firm between 2008 and 2017 and that the Public Company Accounting Oversight Board ("PCAOB") published a report in February 2017, but (i) aver that the referenced PCAOB report and 2015 Form 10-K speak for themselves, (ii) respectfully refer the Court to those documents for a complete and accurate description of their contents, and (iii) lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 and its corresponding footnote, and therefore deny them.

37. Defendants admit that Sarna stopped performing accounting work for Paysign as of April 2017, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37, and therefore deny them.

38. To the extent the allegations of Paragraph 38 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants admit that Paysign hired Squar Milner LLP ("Squar") as its auditor in 2017 and filed a Form 8-K on July 2, 2020, but (i) aver the referenced Form 8-K speaks for itself; (ii) respectfully refer the Court to that document for a complete and accurate description of its contents; (iii) deny that Paysign made materially false and misleading financial statements; and (iv) lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38, and therefore deny them.

39. To the extent the allegations of Paragraph 39 consist of legal conclusions, no

8

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

response is required or appropriate.  To the extent that a response is required, Defendants (i) admit that the quoted statements appear in Paysign's 2018 Form 10-K and September 9, 2019 Form 8-K, and respectfully refer the Court to those documents for a complete and accurate statements of its content and surrounding context; and (ii) deny the remaining allegations contained in Paragraph 39.

40.    Defendants admit that De Joya joined Paysign in 2007 and served as its CFO from 2007 to 2015, and admit that De Joya & Co. audited Paysign's financial statements before De Joya joined Paysign, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 40, and therefore deny them.

41.    To the extent the allegations of Paragraph 41 and its corresponding footnote consist of legal conclusions, no response is required or appropriate.  Defendants admit that the SEC announced that it brought an enforcement action against De Joya and De Joya Griffith LLC in January 2015 and entered a cease and desist order against them, but (i) aver that the documents referenced in Paragraph 41 and its corresponding footnote speak for themselves, and (ii) lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41, and therefore deny them.

42.    Defendants aver that the referenced cease-and-desist order speaks for itself, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and therefore deny them.

43.    Defendants aver that the referenced cease-and-desist order speaks for itself, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, and therefore deny them.

44.    Defendants aver that the referenced cease-and-desist order speaks for itself, and deny the remaining allegations in Paragraph 44.

45.    Defendants admit that De Joya was employed by Paysign on a part-time basis, but deny the remaining allegations in Paragraph 45.  To the extent the allegations of Paragraph 45 include allegations against Spence, no response to that portion is required due to the MTD Order.

9

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46, and therefore deny them.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47, and therefore deny them.

48.     Defendants deny the allegations contained in Paragraph 48, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the conduct or statements of "CW2," and therefore deny them.  To the extent the allegations of Paragraph 48 include allegations against Spence, no response to that portion is required due to the MTD Order.

49.     Defendants deny the allegations contained in Paragraph 49, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the conduct or statements of "CW3," and therefore deny them.

50.     Defendants deny the allegations contained in Paragraph 50, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the conduct or statements of "CW4," and therefore deny them.

51.     Defendants deny the allegations contained in Paragraph 51, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the conduct or statements of "CW2" and "CW4," and therefore deny them.

52.     Defendants aver that the referenced 2019 Form 10-K speaks for itself, and deny the remaining allegations contained in Paragraph 52, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the conduct or statements of "CW5," and therefore deny them.  To the extent the allegations of Paragraph 52 include allegations against Spence, no response to that portion is required due to the MTD Order.

53.     To the extent the allegations of Paragraph 53 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54, but lack knowledge or

10

*ACTIVE 687606000v6*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

information sufficient to form a belief as to the truth or falsity of the allegations regarding the conduct or statements of "CW6," and therefore deny them.

55.     To the extent the allegations of Paragraph 55 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's 2018 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 55.  To the extent the allegations of Paragraph 55 include allegations against Spence, no response to that portion is required due to the MTD Order.

56.     To the extent the allegations of Paragraph 56 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants (i) respectfully refer the Court to Paysign's 2018 Form 10-K for a complete and accurate statement of its content and surrounding context; and (ii) deny the remaining allegations contained in Paragraph 56.

57.     To the extent the allegations of Paragraph 57 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's 2018 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 57.

58.     To the extent the allegations of Paragraph 58 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's 2018 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 58.  To the extent the allegations of Paragraph 58 include allegations against Spence, no response to that portion is required due to the MTD Order.

59.     To the extent the allegations of Paragraph 59 consist of legal conclusions, no

11

response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's 2018 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 59.

60. To the extent the allegations of Paragraph 60 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's 2018 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 60. To the extent the allegations of Paragraph 60 include allegations against Spence, no response to that portion is required due to the MTD Order.

61. To the extent the allegations of Paragraph 61 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's 2018 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 61.

62. To the extent the allegations of Paragraph 62 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's 2018 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 62. To the extent the allegations of Paragraph 62 include allegations against Spence, no response to that portion is required due to the MTD Order.

63. Defendants (i) aver that the referenced 2018 Form 10-K and its attached exhibits speak for themselves and (ii) respectfully refer the Court to those documents for a complete and accurate statement of its content and surrounding context.

64. To the extent the allegations of Paragraph 64 consist of legal conclusions, no

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

12

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

ACTIVE 687606000v6

response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's May 8, 2019 Form 10-Q; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 64.

65. To the extent the allegations of Paragraph 65 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's May 8, 2019 Form 10-Q; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 65. To the extent the allegations of Paragraph 65 include allegations against Spence, no response to that portion is required due to the MTD Order.

66. Defendants (i) aver that the referenced May 8, 2019 Form 10-Q and its attached exhibits speak for themselves and (ii) respectfully refer the Court to those documents for a complete and accurate statement of its content and surrounding context.

67. To the extent the allegations of Paragraph 67 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's August 7, 2019 Form 10-Q; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 67.

68. To the extent the allegations of Paragraph 68 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's August 7, 2019 Form 10-Q; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 68. To the extent the allegations of Paragraph 68 include allegations against Spence, no response to that portion is required due to the MTD Order.

69. Defendants (i) aver that the referenced August 7, 2019 Form 10-Q and its attached

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

13

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

exhibits speak for themselves and (ii) respectfully refer the Court to those documents for a complete and accurate statement of its content and surrounding context.

70. To the extent the allegations of Paragraph 70 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's November 6, 2019 Form 10-Q; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 70.

71. To the extent the allegations of Paragraph 71 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's November 6, 2019 Form 10-Q; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 71. To the extent the allegations of Paragraph 71 include allegations against Spence, no response to that portion is required due to the MTD Order.

72. Defendants (i) aver that the referenced November 6, 2019 Form 10-Q and its attached exhibits speak for themselves and (ii) respectfully refer the Court to those documents for a complete and accurate statement of its content and surrounding context.

73. To the extent the allegations of Paragraph 73 and its corresponding footnote consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) respectfully refer the Court to Paysign's SEC filings for a complete and accurate statement of Newcomer's stock sales; and (ii) deny the remaining allegations contained in Paragraph 73. To the extent the allegations of Paragraph 73 include allegations against Spence, no response to that portion is required due to the MTD Order.

74. To the extent the allegations of Paragraph 74 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) respectfully refer the Court to Paysign's SEC filings for a complete and accurate statement of Newcomer's stock sales, and (ii) deny the remaining allegations contained in Paragraph 74. To

14

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

the extent the allegations of Paragraph 74 include allegations against Spence, no response to that portion is required due to the MTD Order.

75. Defendants admit that Paysign filed a Notification of Late Filing on March 16, 2020, but (i) aver that the cited notification speaks for itself, and (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context.

76. To the extent the allegations of Paragraph 76 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants admit the closing stock prices on the listed dates, but deny the remaining allegations contained in Paragraph 76.

77. Defendants admit that Paysign released a press release on March 31, 2020, but respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context.

78. To the extent the allegations of Paragraph 78 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants admit the closing stock prices on the listed dates, but deny the remaining allegations contained in Paragraph 78.

79. To the extent the allegations of Paragraph 79 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's April 3, 2020 Form 10-K, and (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context.

80. To the extent the allegations of Paragraph 80 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants (i) admit that the quoted statement appears in Paysign's April 3, 2020 Form 10-K; (ii) respectfully refer the Court to that document for a complete and accurate statement of its content and surrounding context; and (iii) deny the remaining allegations contained in Paragraph 80.

81. Defendants admit that Newcomer and Attinger attended a conference call on April

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

*ACTIVE 687606000v6*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

6, 2020, but respectfully refer the Court to the transcript of that call for a complete and accurate statement of its content and surrounding context. To the extent the allegations of Paragraph 81 include allegations against Spence, no response to that portion is required due to the MTD Order.

82. To the extent the allegations of Paragraph 82 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that this case is appropriate for class action treatment and lack knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore deny them.

83. To the extent the allegations of Paragraph 83 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that this case is appropriate for class action treatment and lack knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore deny them.

84. To the extent the allegations of Paragraph 84 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that this case is appropriate for class action treatment and lack knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore deny them.

85. To the extent the allegations of Paragraph 85 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that this case is appropriate for class action treatment and lack knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore deny them.

86. To the extent the allegations of Paragraph 86 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that this case is appropriate for class action treatment and lack knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

*ACTIVE 687606000v6*

therefore deny them.

87. To the extent the allegations of Paragraph 87 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that this case is appropriate for class action treatment and lack knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore deny them.

88. Because the allegations of Paragraph 88 consist of legal conclusions, no response is required or appropriate.

89. Because the allegations of Paragraph 89 consist of legal conclusions, no response is required or appropriate.

90. Because the allegations of Paragraph 90 consist of legal conclusions, no response is required or appropriate.

91. Defendants repeat each and every response to the Amended Complaint's allegations above as if fully set forth herein.

92. To the extent that the allegations in Paragraph 92 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants admit that Plaintiff purports to bring claims against Defendants based on Section 10(b) and Rule 10b-5.

93. To the extent that the allegations in Paragraph 93 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 93. To the extent the allegations of Paragraph 93 include allegations against Spence, no response to that portion is required due to the MTD Order.

94. To the extent that the allegations in Paragraph 94 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants repeat each and every response to the Amended Complaint's allegations above in Paragraphs 55 to 72 as if fully set forth herein, and deny the allegations contained in Paragraph 94. To the extent the allegations of Paragraph 94 include allegations against Spence, no response to that portion is required due to the MTD Order.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

17

*ACTIVE 687606000v6*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

95.     To the extent that the allegations in Paragraph 95 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 95.  To the extent the allegations of Paragraph 95 include allegations against Spence, no response to that portion is required due to the MTD Order.

96.     To the extent that the allegations in Paragraph 96 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants admit that Newcomer and Attinger were officers and/or directors of a publicly held company, but deny the remaining allegations contained in Paragraph 96.  To the extent the allegations of Paragraph 96 include allegations against Spence, no response to that portion is required due to the MTD Order.

97.     To the extent that the allegations in Paragraph 97 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 97.

98.     To the extent that the allegations in Paragraph 98 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 98.

99.     To the extent that the allegations in Paragraph 99 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants admit that Paysign's common stock was traded on an active market during the putative class period, but deny the remaining allegations contained in Paragraph 99.

100.     To the extent that the allegations in Paragraph 100 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 100.

101.     To the extent that the allegations in Paragraph 101 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 101.

102.     Defendants repeat each and every response to the Amended Complaint's allegations above as if fully set forth herein.

18

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

103.    To the extent that the allegations in Paragraph 103 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants admit that Newcomer, Attinger, and Spence participated in the operation and management of Paysign, but deny the remaining allegations contained in Paragraph 103.  To the extent the allegations of Paragraph 103 include allegations against Spence, no response to that portion is required due to the MTD Order.

104.    To the extent that the allegations in Paragraph 104 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 104 accurately and fully represent Newcomer, Attinger, and Spence's duties as officers and directors of a publicly owned company.

105.    To the extent that the allegations in Paragraph 105 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 105.  To the extent the allegations of Paragraph 105 include allegations against Spence, no response to that portion is required due to the MTD Order.

106.    To the extent that the allegations in Paragraph 106 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 106.  To the extent the allegations of Paragraph 106 include allegations against Spence, no response to that portion is required due to the MTD Order.

107.    To the extent that the allegations in Paragraph 107 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 107.  To the extent the allegations of Paragraph 107 include allegations against Spence, no response to that portion is required due to the MTD Order.

108.    To the extent that the allegations in Paragraph 108 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 108.

### **PRAYER FOR RELIEF**

Defendants deny that Plaintiffs or members of the putative class are entitled to the

19

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

requested relief, or any relief, against Defendants, and Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Defendants deny the allegations of Plaintiffs' demand for a jury trial, except admit that Plaintiffs purport to demand a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, Defendants assert the following affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE

The claims asserted against Defendants fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims against Defendants with the required particularity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members' claims are barred, in whole or in part, because at all relevant times Defendants relied in good faith on the representations, reports, expert opinions, and advice of others, including their counsel.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that they are not liable to Plaintiffs because the referenced SEC filings did not contain any untrue statement of material fact, and Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

*ACTIVE 687606000v6*

represent are barred in whole or in part because Defendants neither owed nor breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted in the referenced SEC filings, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the referenced SEC filings.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Defendants because the allegedly untrue statements of material fact and/or omissions of material fact in the referenced SEC filings were not material to the investment decisions of a reasonable investor.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Defendants because Defendants acted at all times in good faith and had no knowledge, and were not deliberately reckless in not knowing, that any alleged statement or omission was false or misleading.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Defendants because Defendants did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions of fact in the referenced SEC filings.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are not entitled to any recovery from Defendants because, at all relevant times, Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe that the statements in the referenced SEC filings were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

### TENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class were not legally caused by any act or omission on the part of Defendants.

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002

21

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

*ACTIVE 687606000v6*

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that if and to the extent that the referenced SEC filings are determined to have contained false or misleading statements (which Defendants deny), Plaintiffs and members of the putative class either knew or should have known about the matters alleged in the Amended Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities and bars any recovery to the extent thereof.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that if and to the extent that the referenced SEC filings and materials incorporated therein are found to have false or misleading statements (which Defendants deny), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  Defendants are further informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from Defendants because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that Plaintiffs and members of the putative class are not entitled to any recovery from Defendants because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing Paysign securities.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against

22

ACTIVE 687606000v6

Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs or others over which Defendants had no control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misrepresentations, omissions, and conduct alleged in the claims against Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint. Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Complaint are barred in whole or in part because the purported misstatements or omissions alleged in the Amended Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

*ACTIVE 687606000v6*

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by way of their Amended Complaint;

2. For an award of Defendants' reasonable attorneys' fees, according to proof;

3. For Defendants' costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED this 22nd day of May, 2023.

**GREENBERG TRAURIG, LLP**

By: */s/ Christopher R. Miltenberger*
CHRISTOPHER R. MILTENBERGER ESQ.
Nevada Bar No. 10153
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

DANIEL J. TYUKODY, ESQ. (Admitted *Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

*Attorneys for Defendants Paysign, Inc.,
Mark R. Newcomer, and Mark Attinger*

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

24

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

*ACTIVE 687606000v6*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that a copy of the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** was filed electronically via the Court's CM/ECF system. Notice of Filing will be served on all parties by operation of the Court's CM/ECF system.

DATED this 22nd day of May, 2023.

_/s/ Andrea Lee Rosehill_
An employee of Greenberg Traurig, LLP

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

ACTIVE 687606000v6