ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
sean@mlolegal.com

*Lead Counsel for the Paysign Investor Group*

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IN RE PAYSIGN, INC. SECURITIES LITIGATION

CASE NO.: 2:20-cv-00553-GMN-DJA

CLASS ACTION

**STIPULATION AND ~~[PROPOSED]~~ ORDER ON ELECTRONICALLY STORED INFORMATION**

**1. PURPOSE**

This E-Discovery Protocol (the "Protocol") will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

**2. COOPERATION**

Defendants Paysign Inc. ("Paysign"), Mark R. Newcomer ("Newcomer"), and Mark Attinger (with Newcomer the "Individual Defendants," and with Paysign and Newcomer, the "Defendants") and Lead Plaintiffs Johann Francisconi and Raheel Shahzad ("Lead Plaintiffs,"

and collectively, with Defendants, the "Parties") are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter. The Parties will endeavor to produce documents in a reasonably timely manner and in accordance with the timelines set forth in the Federal Rules of Civil Procedure. The Parties recognize, however, that strict adherence to those requirements may not be possible in all situations and with all data. If strict adherence is not possible, the Parties will meet and confer to determine alternatives before they seek relief from the Court. Production is anticipated to be conducted on a rolling basis with Parties making reasonable efforts to expedite the process. If either Party feels production has been unreasonably delayed, the Parties agree to confer via telephone or in person to reach a mutually agreeable consensus prior to court involvement.

**3. PRESERVATION**

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

**4. SEARCH**

The Parties agree that they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Where the Parties agree that potentially responsive ESI shall be searched through the use of search terms, the Parties shall meet and confer to provide reasonable assurances to the Requesting Party that the Producing Party's search terms and methodology used to apply them are reasonably calculated to identify responsive documents and ESI. This process may include statistical sampling of disputed terms. To the extent the Parties have a dispute that cannot be resolved by agreement regarding the modification or omission of search terms, the Parties shall submit the dispute to the Court with a discussion of the relevance, burden, or any other issues associated with the terms in dispute. The Parties may, if necessary, apply to the Court for assistance in resolving any disputes regarding the need for additional search terms.

**5. METADATA**

Absent a showing of good cause, general ESI production requests under Federal Rules

of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include the following metadata: BEG_BATES, END_BATES, BEG_ATTACH, END_ATTACH, CUSTODIAN, ALLCUSTODIAN, AUTHOR, EMAIL SUBJECT, FROM, TO, CC, BCC, SENT_DATE, SENT_TIME, RECEIVED_DATE, RECEIVED_TIME, FILE_NAME, FILE_EXTENSION, CREATE_DATE, TIME_CREATED, LAST_MOD_DATE, LAST_MOD_TIME, PRODUCTION VOLUME, CONFIDENTIALITY, REDACTED, EMAIL_OUTLOOK_TYPE.

6. **PRODUCTIONS**

Absent agreement of the Parties, the following parameters shall apply to ESI production:

a. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File ("TIFF") black and white images. The Producing Party will honor reasonable requests for a color image of a document, if the original document contains color necessary to understand the meaning or content of the document. If color is required to understand the meaning or content of the document, the document can be reproduced in color on request as single-page JPG files. JPG/TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Hidden content, tracked changes, edits, comments, notes, and other similar information viewable within the native file shall also be imaged so that this information is captured in the produced image file.

b. **Load Files.** Load files shall be provided to indicate the location and unitization of the JPG/TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained using reasonable and proportionate efforts.

c. **Service of Productions.** All document productions shall be served by SFTP or other similar secure electronic delivery method (e.g., Accellion / Kiteworks). Document productions served on the Parties will not be provided on secure physical media (e.g., CD, DVD, flash drive, or hard drive) unless electronic service

is not feasible, in which case the Producing Party will work with the Receiving Party in good faith to determine the best method of service. The Producing Party shall encrypt the production data, and the Producing Party shall forward the password to decrypt the production data separately from the Production Media to which the production data is saved. A cover letter disclosing the Bates range(s) of documents being produced shall accompany the production and shall be transmitted via electronic mail at the time the production is served. Productions containing confidential material of any party or third party shall be password protected. ESI productions shall be subject to the terms of the Stipulated Protective Order agreed upon by the Parties, and entered by the Court, as well as Federal Rule of Civil Procedure 26(b)(5)(B).

d. **Text-Searchable Documents.** Each party shall make its production text-searchable, except that the Parties agree to meet and confer in good faith for any instances where the utility of making documents text-searchable is outweighed by the expense. Each individual document that is imaged from a native electronic file should be accompanied by a corresponding text file containing the extracted text from that document.

e. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

f. **Native Files.** Responsive unredacted Microsoft Excel and other spreadsheet files, Microsoft Access and other personal (non-enterprise) database files, video and audio files, PowerPoint and other presentation files, or animation files shall be produced in Native Format. If a document is produced in Native Format, a single-page Bates stamped image slip sheet stating the document has been produced in Native Format should be provided, with the exception of PowerPoint and other presentations, which shall be produced in TIFF format as well as natively. For all other documents, a party that receives a document produced in a format specified above (i.e. JPG/TIFF) may make a reasonable request to receive the document in

its Native Format, and upon receipt of such a request, the Producing Party shall produce the document in its Native Format.

g. **Translations.** No Party has an obligation to translate its foreign-language documents into English.

h. **Review Methodology.** The Parties agree to cooperate on the use of any technology-assisted review ("TAR"). A producing party that elects to use TAR will disclose that it elects to do so, along with the name of the TAR software and vendor.

i. **Attachments.** The Parties agree that if any part of an e-mail or its attachments is responsive, the entire e-mail and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege. The Parties will produce slip sheets in place of documents withheld on the basis of privilege if any other member of their document family is produced. The attachments will be produced sequentially after the parent e-mail.

j. **Compressed File Types**. Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

k. **Redactions.** The Parties agree that, where ESI items need to be redacted, they shall be produced in TIFF format with each redaction clearly indicated. Any metadata fields reasonably available and unnecessary to protect the privilege protected by the redaction shall be provided. The Parties understand that for certain MS Excel documents or other file types or files, TIFF redactions may be impracticable. These documents may be redacted in native format so long as the original document is also preserved in an unredacted form.

l. **Structured Data.** If discoverable data from any structured data system can be produced in an already existing and reasonably available report, the Producing Party should collect and produce the data in that report format. If an existing report form is not reasonably available, the Producing Party should make reasonable efforts to export from the structured data system discoverable information in a

format compatible with Microsoft Excel and may produce such information in that native format.

m. **Paper Documents.** In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize the documents correctly.

n. **Inclusive Email Production.** The Parties shall produce e-mail attachments sequentially after the parent e-mail. With respect to an e-mail chain, the Parties are permitted to produce the longest unique or inclusive chain and the Parties do not need to separately produce the lesser-included e-mails unless those lesser-included e-mails include unique attachments not included in the longest chain or contain a BCC recipient not shown in the longest unique chain. If a lesser-included e-mail includes a unique attachment, then the lesser-included e-mail must be separately produced with the attachment. If an email thread splits into two separate threads, then both threads shall be included in the production.

o. **De-Duplication.** A Party is only required to produce a single copy of a responsive document. To the extent identical copies of documents appear in the files of a Custodian, the Producing Party shall attempt to produce only one such identical copy across all Custodians based on MD5 or SHA-1 hash values at the document level for file system data or the email family level for emails (except for Paper Discovery). Custodian metadata for a given document shall reflect any Custodian of any document removed as a duplicate of that document.

p. **De-NISTing.** System and program files, including those as defined by the NIST library (http://www.nsrl.nist.gov/), commonly used by e-discovery vendors to exclude system and program files from document review and production, need not be processed, reviewed, or produced, unless a Party reasonably determines such files are relevant to the litigation.

q. **Not Reasonably Accessible ESI.** The circumstances of this case do not warrant the collection, review, or production of ESI that is not reasonably accessible if, and only to the extent that, the Party in possession of that ESI (1) has complied with the obligations set forth in this order, and (2) believes in good faith that ESI is unlikely to contain relevant information not otherwise available in reasonably accessible sources. For purposes of this paragraph, the below sources of ESI are not reasonably accessible. In the event that either Party contends that ESI from any of these sources may be relevant to this action and not otherwise available from reasonably available sources, the parties shall meet and confer in good faith to determine if they can agree to produce such ESI, and if they cannot, shall submit the dispute to the Court.

    i. Random access memory (RAM) or other ephemeral data, including residual, deleted, fragmented, damaged, or temporary data;

    ii. Online access data such as temporary internet files, history, cache, cookies, etc.;

    iii. Data in metadata fields that are frequently updated automatically, such as last-opened dates (as distinguished from the metadata the parties agree to include in the ESI production as set forth in paragraph 8(k), below); Backup tapes and systems created for the sole purpose of disaster recovery;

    iv. Legacy data;

    v. Encrypted data/password protected files, where the key or password cannot be ascertained absent extraordinary efforts;

      vi.   Backup data that is substantially duplicative of data that is more accessible elsewhere; and

      vii.   Server, system, or network logs.

r. **Limits of Order.** Nothing herein shall preclude any Party from seeking to amend this order by agreement or Court order; provided, however, that no Party may seek relief from the Court concerning compliance with the order until it has met and conferred in good faith with any Parties involved in the dispute. Nothing herein shall be construed as a representation that a party is in possession, custody or control of any certain type of documents or ESI, or expands any Party's discovery obligations as provided for in the Federal Rules of Civil Procedure. Further, nothing herein shall alter or limit rights provided by the Federal Rules of Civil Procedure or otherwise to object to or seek to limit any discovery, including but not limited to the right to object to discovery that imposes an undue burden on a party or to seek to shift or impose costs on the Requesting Party for any such discovery. In addition, nothing in this order shall be deemed to prevent a Party from seeking the Court's intervention with respect to issues that may arise regarding the application of this order to a document request issued to a Producing Party and/or any objections that the Producing Party may have if the Parties are unable to resolve any such issues or objections without the Court's assistance. Likewise, nothing in this order shall be deemed to prevent any other Party from opposing relief sought from the Court.

s. **Authenticity and Admissibility.** Nothing herein shall be construed to affect the authenticity or admissibility of any document or ESI. All objections to the authenticity or admissibility of any document or ESI are preserved and may be asserted at any time.

t. **Mobile and Personal Devices.** The Parties are meeting and conferring about whether they shall search the personal devices, including but not limited to cellular phones, smart phones, iPads, tablets, computers, and/or drives. To the extent the

Parties cannot reach an agreement on personal devices, they shall submit the dispute to the Court with a discussion of the relevance, burden, or any other issues associated with the devices in dispute.

u. **Destruction and Return of ESI.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all discovery materials produced must be either destroyed or returned to the Producing Party. If destroyed, the Requesting Party must inform the Producing Party that the materials have been destroyed no later than 60 days after dismissal or entry of final judgment not subject to further appeal.

**7. DOCUMENTS PROTECTED FROM DISCOVERY**

Fed. R. Evid. 502(b) shall apply to the inadvertent production of a privileged or work-product-protected document.

Dated: October 19, 2023

**MUEHLBAUER LAW OFFICE, LTD.**

/s/ Andrew R. Muehlbauer

Andrew R. Muehlbauer (Nevada Bar #10161)
Sean P. Connell (Nevada Bar # 7311)
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com
sean@mlolegal.com

**POMERANTZ LLP**
Jeremy Alan Lieberman (*Pro Hac Vice*)
Omar Jafri (*Pro Hac Vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
jalieberman@pomlaw.com
ojarfri@pomlaw.com

**GREENBERG TRAURIG, LLP**

/s/ Jacob D. Bundick

Jacob D. Bundick, Esq. (Nevada Bar No. 9772)
bundickj@gtlaw.com
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

And

Daniel J. Tyukody, Esq. (California Bar No. 123323)
(Admitted Pro Hac Vice)
tyukodyd@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

*Counsel for Defendants Paysign, Inc. Mark R. Newcomer, Mark Attinger, and Daniel Spence*

**THE ROSEN LAW FIRM, P.A.**
Jacob A. Goldberg
Leah Heifetz-Li
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jgoldberg@rosenlegal.com
lheifetz@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**ORDER**

IT IS SO ORDERED that the parties' stipulation on electronically stored information (ECF No. 59) is GRANTED.

DATED: 10/20/2023

________________________________
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE