# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **IN RE PAYSIGN, INC. SECURITIES LITIGATION** | **Case No. 2:20-cv-00553-GMN-DJA**<br>**Hon. Gloria M. Navarro**<br><br>**CLASS ACTION** |

**DECLARATION OF MARGERY CRAIG CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.    I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over fifteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred fifty (550) class action cases since its inception.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.    Pursuant to the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement, dated January 4, 2024 (Dkt. No. 64, the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action.[1]  I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.    SCS sent the Depository Trust Company ("DTC") a Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Proof of

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated December 15, 2023 (Dkt. No. 63-2, the "Stipulation").

DECLARATION OF MARGERY CRAIG, No. 2:20-cv-00553-GMN-DJA

Claim") (collectively, the "Notice and Proof of Claim") for the DTC to publish on its Legal Notice System ("LENS") on January 15, 2024. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Proof of Claim is attached as **Exhibit A**.

4.     As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial owners whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial owners.  The names and addresses of these beneficial owners are known only to the nominees.  SCS maintains a proprietary master list consisting of 814 banks and brokerage companies ("Nominee Account Holders"), as well as 1,299 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On January 12, 2024, SCS caused a letter and a copy of the Postcard Notice to be mailed or emailed to the 2,113 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners or email the link to the Notice and Proof of Claim on the settlement webpage to their clients who may be Settlement Class Members or provide SCS with a list of the names, last known addresses, and email addresses (to the extent known) of such potential Settlement Class Members so that SCS could promptly either mail the Postcard Notice or email the direct link to Notice and Proof of Claim on the settlement webpage. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.     To provide actual notice to those persons and entities that purchased or otherwise acquired the common stock of Paysign, Inc. ("Paysign") between March 12, 2019 and March 31, 2020, both dates inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. **Exhibit C** is a copy of the Postcard Notice.

6.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 55 individuals and organizations identified in the transfer records that were provided to SCS by Counsel for Defendants.   These records reflect persons and entities that purchased Paysign common stock for their own accounts, or for the account(s) of their clients, during the Settlement Class Period. The transfer record mailing was completed on January 17, 2024.  Following this mailing, SCS mailed the Postcard Notice to 6,280 names and addresses of potential Settlement Class Members received from individuals or nominees requesting that a Postcard Notice be mailed by SCS.  SCS then received a request from three nominees for 9,915 Postcard Notices so that they could forward them to their clients, and SCS also received notification from two nominees that they mailed the Postcard Notices to 187 of their clients.  To date, 16,437 Postcard Notices have been mailed to potential Settlement Class Members.[2]

7.      Additionally, SCS received thirteen email addresses of potential Settlement Class members from two nominees requesting that the direct link to the Notice and Proof of Claim on the settlement webpage be emailed to their clients. SCS was also notified by a nominee that it emailed 22,410 of its clients to notify them of this Settlement and provided them with the direct link to the Notice and Proof of Claim on the settlement webpage.  To date, 22,423 emails to the direct link to the Notice and Proof of Claim have been sent.

8.      In total, 38,860 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed the direct link to the location of the Notice and Proof of Claim on the settlement webpage.

9.      Out of the 16,437 Postcard Notices mailed, 521 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 79, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 442 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 228 were re-mailed to updated addresses.

---

[2] SCS received nine requests from potential Settlement Class Members for the Notice and Proof of Claim to be mailed to them.  SCS immediately mailed the Notice and Proofs of Claim to the potential Settlement Class Members.

DECLARATION OF MARGERY CRAIG
No. 2:20-cv-00553-GMN-DJA

## PUBLICATION OF THE SUMMARY NOTICE

10.     Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") was to be published once over a newswire that is distributed nationally in the United States.  The Summary Notice was transmitted over *GlobeNewswire* on January 20, 2024, as shown in the confirmation of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request the Notice and Proof of Claim to be mailed to them.  SCS has promptly responded to each telephone inquiry and to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

12.     On January 12, 2024, SCS established a webpage on its website at www.strategicclaims.net/Paysign/.  The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status; the case deadlines; the online claim filing link; and important case documents such as the Notice and Proof of Claim, the Preliminary Approval Order, and the Stipulation with exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Postcard Notice, Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed or delivered to SCS such that they are received no later than March 20, 2024.  SCS has been monitoring all mail delivered for this case.  To date, SCS has not received any exclusion requests.

14.     According to the Notice, Summary Notice, and the settlement webpage informed Settlement Class Members seeking to object to the proposed Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs must be submitted to Lead Counsel and Counsel for Defendants, as well as filed with the Clerk of the Court, no later than March 20, 2024.  As of the date of this

declaration, SCS has not received any objections, and SCS has not been notified that any objection was submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7th day of March 2024, in Media, Pennsylvania.

_____
Margery Craig

DECLARATION OF MARGERY CRAIG
No. 2:20-cv-00553-GMN-DJA

# Exhibit A

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **IN RE PAYSIGN, INC. SECURITIES LITIGATION** | **Case No. 2:20-cv-00553-GMN-DJA**<br>**Hon. Gloria M. Navarro**<br><br>**CLASS ACTION** |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased or acquired the common stock of Paysign, Inc. ("Paysign" or the "Company") during the period between March 12, 2019, and March 31, 2020, both dates inclusive (the "Settlement Class Period"), you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide three million seven hundred fifty thousand dollars ($3,750,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and Awards to Plaintiffs, net of any taxes on interest, to pay claims of investors who purchased Paysign common stock during the Settlement Class Period.

- Plaintiffs calculate that the Settlement represents an estimated average recovery of $0.12 per Plaintiffs' estimate of damaged shares of Paysign common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the Recognized Losses of all Settlement Class Members, the date(s) you purchased and sold Paysign common stock, the purchase and sales prices of Paysign common stock, and the total number of claims filed.

- Attorneys for Plaintiffs (hereafter "Lead Counsel") will ask the Court to award them fees of up to 33 1/3rd of the Settlement Amount ($1,249,999.99) plus interest, reimbursement of litigation expenses of no more than $110,000 and Awards to Plaintiffs not to exceed $10,000 each. If approved by the Court, these amounts (which Plaintiffs calculate as totaling an average of $0.04 per Plaintiffs' estimate of damaged shares of Paysign common stock) will be paid from the Settlement Fund.

- The Settlement resolves the Action concerning whether Paysign and certain of its officers and directors, Mark Newcomer, Mark Attinger, and Daniel Spence (collectively, the "Defendants"), violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various public statements to the investing public concerning Paysign's internal controls over financial reporting. Defendants maintain that all of their statements were true and correct and deny each, any, and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release form and submit it no later than **March 4, 2024**. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **March 20, 2024.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than **March 20, 2024** about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Go To The Hearing** | No later than **March 20, 2024**, ask to speak in Court about the fairness of the Settlement at the hearing on **April 17, 2024, at 10:00 a.m.** You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| Paysign, Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson Street, Suite 205<br>Media, PA 19063<br>Tel.:  (866) 274-4004<br>Fax:  (610) 565-7985<br>info@strategicclaims.net | **or** | Omar Jafri<br>POMERANTZ LLP<br>10 S. LaSalle Street, Suite 3505<br>Chicago, IL 60603<br>Tel: (312) 377-1181 |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated December 15, 2023 (the "Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.      **Why did I get this Notice?**

You or someone in your family may have purchased or acquired the publicly traded common stock of Paysign between March 12, 2019, and March 31, 2020, both dates inclusive.

2

**2.      What is this lawsuit about?**

The case is known as *In re Paysign, Inc. Securities Litigation*, No. 2:20-cv-00553 (D. Nev.) (the "Action"). The Court in charge of the case is the United States District Court for the District of Nevada.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact concerning Paysign's internal controls over financial reporting. The Complaint alleges that the misstatements or omissions artificially inflated the price of Paysign's share price, and that the share price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

**3.      Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.      Why is there a Settlement?**

The Parties do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which the Parties disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under the federal securities law; (2) whether Defendants acted with scienter, which means intent to deceive, manipulate, or defraud, including an extreme departure from the standards of ordinary care, presenting a danger of misleading buyers that is either known to the defendant or is so obvious that the actor must have been aware of it; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of Paysign common stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, the Parties have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether Plaintiffs will win at trial and whether Paysign can pay a damages award were Plaintiffs to win at trial.

Even if Plaintiffs were to win at trial, and also prevail on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

5.  **How do I know if I am part of the Settlement?**
    The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who purchased or acquired publicly traded Paysign common stock between March 12, 2019, and March 31, 2020, both dates inclusive.

6.  **Are there exceptions to being included?**
    Yes. Excluded from the Class are: (i) Defendants; (ii) any person who served as a partner, control person, executive officer and/or director of Paysign during the Settlement Class Period, and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Paysign; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their immediate families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. You are also excluded from the Settlement Class if you have a net profit in purchases and sales of Paysign common stock or otherwise suffered no compensable damages during the Settlement Class Period. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

7.  **I am still not sure whether I am included.**
    If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/Paysign/ or fill out and return the Proof of Claim and Release Form ("Proof of Claim") described in Question 9, to see if you qualify.

8.  **What does the Settlement provide?**
    a.  **What is the Settlement Fund?**
    The proposed Settlement provides that Defendants will cause three million seven hundred fifty thousand dollars ($3,750,000) (the "Settlement Fund") to be paid into the Escrow Account for the benefit of the Settlement Class. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.
    b.  **What can you expect to receive under the proposed Settlement?**
    Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Paysign common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and Awards to Plaintiffs.

    The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that

4

will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Paysign common stock was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of Paysign common stock. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Paysign/.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than twenty dollars ($20.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks,

5

any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization selected by Lead Counsel.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Paysign common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

**Recognized Loss for the Company's Publicly Traded Common Stock Purchased During the Settlement Class Period Will Be Calculated as Follows:**

(A)     For shares purchased during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per share will be the inflation per share upon purchase (as set forth in Table A below) less the inflation per share upon sale (as set forth in Table A below).

(B)     For shares purchased during the Settlement Class Period and sold during the period April 1, 2020 through June 29, 2020, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Table A below); or (2) the purchase price per share minus the average closing stock price as of the date of sale provided in Table B below.

(C)     For shares purchased during the Settlement Class Period and retained as of the close of trading on June 29, 2020, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Table A below); or (2) the purchase price per share minus $7.34 per share.[1]

| TABLE A | | |
|---|---|---|
| **Alleged Artificial Inflation in Paysign Common Stock** | | |
| **From** | **To** | **Per-Share Price Inflation** |
| March 12, 2019 | March 15, 2020 | $1.39 |
| March 16, 2020 | March 31, 2020 | $0.96 |
| April 1, 2020 | Thereafter | $0.00 |

| TABLE B | | | |
|---|---|---|---|
| **Paysign Common Stock Average Closing Price During the 90-Day Lookback Period** | | | |
| **Date** | **Average Closing Price** | **Date** | **Average Closing Price** |
| 4/1/2020 | $4.35 | 5/15/2020 | $6.90 |
| 4/2/2020 | $4.19 | 5/18/2020 | $6.91 |
| 4/3/2020 | $4.30 | 5/19/2020 | $6.93 |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $7.34 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on April 1, 2020 through and including on June 29, 2020 (the "90-Day Lookback Period").

| TABLE B  Paysign Common Stock Average Closing Price During the 90-Day Lookback Period | | | |
|---|---|---|---|
| Date | Average Closing Price | Date | Average Closing Price |
| 4/6/2020 | $4.51 | 5/20/2020 | $6.93 |
| 4/7/2020 | $4.86 | 5/21/2020 | $6.94 |
| 4/8/2020 | $5.28 | 5/22/2020 | $6.94 |
| 4/9/2020 | $5.43 | 5/26/2020 | $6.95 |
| 4/13/2020 | $5.58 | 5/27/2020 | $6.96 |
| 4/14/2020 | $5.77 | 5/28/2020 | $6.96 |
| 4/15/2020 | $5.85 | 5/29/2020 | $6.97 |
| 4/16/2020 | $5.93 | 6/1/2020 | $6.97 |
| 4/17/2020 | $6.01 | 6/2/2020 | $6.98 |
| 4/20/2020 | $6.05 | 6/3/2020 | $6.99 |
| 4/21/2020 | $6.07 | 6/4/2020 | $7.01 |
| 4/22/2020 | $6.10 | 6/5/2020 | $7.03 |
| 4/23/2020 | $6.15 | 6/8/2020 | $7.06 |
| 4/24/2020 | $6.19 | 6/9/2020 | $7.08 |
| 4/27/2020 | $6.26 | 6/10/2020 | $7.10 |
| 4/28/2020 | $6.33 | 6/11/2020 | $7.10 |
| 4/29/2020 | $6.43 | 6/12/2020 | $7.11 |
| 4/30/2020 | $6.54 | 6/15/2020 | $7.11 |
| 5/1/2020 | $6.61 | 6/16/2020 | $7.13 |
| 5/4/2020 | $6.66 | 6/17/2020 | $7.14 |
| 5/5/2020 | $6.71 | 6/18/2020 | $7.15 |
| 5/6/2020 | $6.77 | 6/19/2020 | $7.16 |
| 5/7/2020 | $6.83 | 6/22/2020 | $7.17 |
| 5/8/2020 | $6.86 | 6/23/2020 | $7.19 |
| 5/11/2020 | $6.88 | 6/24/2020 | $7.20 |
| 5/12/2020 | $6.89 | 6/25/2020 | $7.25 |
| 5/13/2020 | $6.88 | 6/26/2020 | $7.30 |
| 5/14/2020 | $6.89 | 6/29/2020 | $7.34 |

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in the Company's shares during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

7

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases of the Company shares during the period March 12, 2019 through and including June 29, 2020.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock. The date of a "short sale" is deemed to be the date of sale of the stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a Claimant has an opening short position in Paysign common stock, the earliest purchases or acquisitions of Paysign common stock during the Settlement Class Period shall be matched against such opening short position, and shall not be entitled to a recovery, until that short position is fully covered.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

9. **How can I get a payment?**
To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form" ("Claim Form"). This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Paysign/. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Paysign/ **by 11:59 p.m. EST on March 4, 2024**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than March 4, 2024**, to the Claims Administrator at:

Paysign, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

10. **What am I giving up to get a payment or stay in the Class?**
Unless you exclude yourself from the Settlement Class by the **March 20, 2024** deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates,

8

subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Paysign common stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale, or ownership of Paysign common stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

11.     **How do I get out of the Settlement?**
If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *In re Paysign, Inc Securities Litigation*, No. 2:20-cv-00553 (D. Nev.)" and (B) states the date, number of shares and dollar amount of each purchase or acquisition of Paysign common stock during the Settlement Class Period, the dates, number of shares, and dollar amounts of any sales, as well as the number of shares of Paysign common stock held by you as of March 31, 2020. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale of Paysign common stock during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of the Paysign common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than March 20, 2024**, to the Claims Administrator at the following address:

Paysign, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

12.     **If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**
No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

13.     **Do I have a lawyer in this case?**
The Court appointed Pomerantz LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP is provided below.

9

**14.**   **How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 33 1/3rd percent plus interest of the Settlement Amount ($1,249,999.99), reimbursement of litigation expenses of no more than $110,000 and an Award to Plaintiffs not to exceed $10,000 each. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.**   **How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Paysign, Inc. Securities* Litigation No. 2:20-cv-00553 (D. Nev.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Paysign common stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than March 20, 2024**:

| Clerk of the Court | *Lead Counsel:* | *Counsel for Defendants:* |
|---|---|---|
| United States District Court | POMERANTZ LLP | GREENBERG TRAURIG, LLP |
| District of Nevada | Joshua B. Silverman | Daniel J. Tyukody |
| 333 Las Vegas Boulevard South | Omar Jafri | 1840 Century Park East |
| Las Vegas, NV 89101 | 10 South LaSalle Street, | Suite 1900 |
| | Suite 3505 | Los Angeles, CA 90067 |
| | Chicago IL  60603 | |

**16.**   **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

10

**17.    When and where will the Court decide whether to approve the Settlement?**
The Court will hold a Settlement Hearing on **April 17, 2024, at 10:00 a.m.**, at the United States District Court, District of Nevada, 333 Las Vegas Boulevard South, Courtroom 7D, Las Vegas, NV 89101.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award Lead Plaintiffs.

**18.    Do I have to come to the hearing?**
No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**
If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, between March 12, 2019, and March 31, 2020, both dates inclusive, you purchased or otherwise acquired, Paysign common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THE NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and e-mail addresses (if known) of each person or organization for whom or which you purchased such Paysign common stock during such time period; (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners/purchasers of the Paysign common stock; or (c) request the link to this Notice and Proof of Claim and Release Form (together, the "Notice and Proof of Claim"), and within ten (10) days e-mail the direct link of the Notice and Proof of Claim to the beneficial owners/purchasers . If you choose to follow alternative procedure (b) or (c), the Court has directed that, upon such mailing/e-mailing, you send a statement to the Claims Administrator confirming that the mailing/e-mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, $0.05 per e-mail sent of the Notice and Proof of Claim link; or $0.05 per name, address, and/or e-mail address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.

DATED: JANUARY 4, 2024

_____
BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEVADA

11

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission:  March 4, 2024**

IF YOU PURCHASED PAYSIGN, INC. ("PAYSIGN" OR THE "COMPANY") COMMON STOCK BETWEEN MARCH 12, 2019 AND MARCH 31, 2020, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS PERIOD") AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE DEFENDANTS, ANY PERSON WHO SERVED AS A PARTNER, CONTROL PERSON, EXECUTIVE OFFICER AND/OR DIRECTOR OF PAYSIGN, THEIR IMMEDIATE FAMILY MEMBERS, AND ENTITIES IN WHICH SUCH EXCLUDED PERSON HOLD A CONTROLLING INTEREST.) (ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM BY 11:59 P.M. EST ON MARCH 4, 2024 AT WWW.STRATEGICCLAIMS.NET/PAYSIGN/.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN MARCH 4, 2024 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Paysign, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY MARCH 4, 2024 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

12

**CLAIMANT'S STATEMENT**

1.  I (we) purchased Paysign ("Paysign") common stock during the Settlement Class Period. (Do not submit this Proof of Claim if you did not purchase Paysign common stock during the Settlement Class Period.)

2.  By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Long Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Long Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Long Notice; that I (we) elect to participate in the proposed Settlement described in the Long Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of Paysign common stock, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Paysign common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information).

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Long Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, adminstrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one

13

or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation and Agreement of Settlement ("Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Long Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9. "Released Parties" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. "Unknown Claims" has the meaning laid out in the Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Proof of Claim, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.strategicclaims.net/Paysign/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

PAYSIGN

## I. CLAIMANT INFORMATION

| Beneficial Owner's Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | Zip Code |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| E-mail | | |
| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

## I. SCHEDULE OF TRANSACTIONS IN PAYSIGN COMMON STOCK

**Beginning Holdings:**

A. State the total number of shares of Paysign, Inc. ("Paysign") common stock held at the close of trading on March 11, 2019 (*must be documented).* If none, write "zero" or "0."

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of Paysign common stock between March 12, 2019, and June 29, 2020, both dates inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

15

PAYSIGN

**Sales:**

C.  Separately list each and every sale of Paysign common stock between March 12, 2019, and June 29, 2020, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of Paysign common stock held at the close of trading on June 29, 2020 (*must be documented).* If none, write "zero" or "0."

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**III. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

**IV. CERTIFICATION**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Long Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Nevada, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Paysign common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

16

PAYSIGN

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐    Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date:  _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN MARCH 4, 2024 AND MUST BE MAILED TO:**

Paysign, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by March 4, 2024 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim by mail or e-mail within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgment. If you do not receive an acknowledgment within 45 days, please contact the Claims Administrator by telephone toll-free at 866-274-4004 or by e-mail at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claims and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

17

Paysign, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

## REMINDER CHECKLIST

- o  Please be sure to sign this Proof of Claim on page 17. If this Proof of Claim is submitted on behalf of joint claimants, then each Claimant must sign.
- o  Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.
- o  Do NOT use highlighter on the Proof of Claim or any supporting documents.
- o  If you move or change your address, telephone number or e-mail address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# Exhibit B

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
**STRATEGIC CLAIMS SERVICES**
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

January 12, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF PAYSIGN, INC. ("PAYSIGN" OR THE "COMPANY") DURING THE PERIOD BETWEEN MARCH 12, 2019 AND MARCH 31, 2020, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a partner, control person, executive officer and/or director of Paysign during the Settlement Class Period, and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Paysign; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their immediate families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *In re Paysign, Inc. Securities Litigation*<br>Case No. 2:20-cv-00553-GMN-DJA<br>Claim Filing Deadline: March 4, 2024<br>Exclusion Deadline: March 20, 2024<br>Objection Deadline: March 20, 2024<br>Settlement Hearing: April 17, 2024 | Cusip Numbers: 70451A104 and 88579C109<br>Ticker Symbols: PAYS and TPNL |

### PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will either email the link to the to the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release Form ("Notice and Proof of Claim") or mail the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice, you have ten (10) calendar days to mail them; or
4. Request a link to the Notice and Proof of Claim and advise us that you will be emailing the link to your beneficial purchasers/owners within ten (10) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email sent of the Notice and Proof of Claim link** OR
- **$0.05 per name, address and email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice and Proof of Claim and all the important documents are available on our website at www.strategicclaims.net/Paysign/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
Paysign, Inc. Securities Litigation

**PLEASE NOTE - A COPY OF THE POSTCARD NOTICE IS ON THE REVERSE SIDE OF THIS LETTER**

*Paysign, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N Jackson St., Ste. 205
Media, PA  19063

---

*In re Paysign, Inc. Securities Litigation,* Case No. 2:20-cv-00553 (D. Nev.)
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/PAYSIGN/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the District of Nevada (the "Court") has preliminarily approved a proposed Settlement of claims against Paysign, Inc. ("Paysign"), Mark Newcomer, Mark Attinger, and Daniel Spence (collectively, the "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants allegedly made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning Paysign's business operations. Defendants deny the allegations.

You received this notice because you may have purchased Paysign common stock between March 12, 2019, and March 31, 2020, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $3,750,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/Paysign/. You may also request copies of the Long Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: Paysign, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/Paysign/. PROOFS OF CLAIM ARE DUE BY MARCH 4, 2024 TO PAYSIGN, INC. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/Paysign/. If you do not want to be legally bound by the Settlement, you must exclude yourself by March 20, 2024.  If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by March 20, 2024. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on April 17, 2024 at 10:00 a.m. at the United States District Court for the District of Nevada, 333 Las Vegas Boulevard South, Courtroom 7D, Las Vegas, Nevada 89101, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to 33 1/3% of the Settlement Fund for their attorneys' fees, plus up to $110,000 in expenses, and Awards to Plaintiffs of no more than $10,000 each, for litigating the cases and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free 1-866-274-4004, or visit the website www.strategicclaims.net/Paysign/.

# Exhibit C

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully*

Paysign, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

# EXHIBIT C

Case No. 2:20-cv-00553 (D. Nev.)

Case Pending in the United States District Court for the District of Nevada

The United States District Court for the District of Nevada (the "Court") has preliminarily approved a proposed Settlement of claims against Paysign, Inc. ("Paysign"), Mark Newcomer, Mark Attinger, and Daniel Spence (collectively, the "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants allegedly made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning Paysign's business operations. Defendants deny the allegations.

You received this notice because you may have purchased Paysign common stock between March 12, 2019, and March 31, 2020, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $3,750,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/Paysign/. You may also request copies of the Long Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: Paysign, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/Paysign/. PROOFS OF CLAIM ARE DUE BY MARCH 4, 2024 TO PAYSIGN, INC. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/Paysign/. If you do not want to be legally bound by the Settlement, you must exclude yourself by March 20, 2024. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by March 20, 2024. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on April 17, 2024 at 10:00 a.m. at the United States District Court for the District of Nevada, 333 Las Vegas Boulevard South, Courtroom 7D, Las Vegas, Nevada 89101, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to 33 1/3% of the Settlement Fund for their attorneys' fees, plus up to $110,000 in expenses, and Awards to Plaintiffs of no more than $10,000 each, for litigating the cases and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free 1-866-274-4004, or visit the website www.strategicclaims.net/Paysign/.

# Exhibit D

**EXHIBIT D**

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Saturday, January 20, 2024 9:01 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | mcraig@strategicclaims.net |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Pomerantz LLP |



# Release Distribution Confirmation

**Pomerantz LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of the Common Stock of Paysign, Inc. - PAYS**

*Cross time: **01/20/24 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us