# Exhibit 2

**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer
Nevada Bar No. 10161
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330.4505
Facsimile: (702) 825.0141
Email: andrew@mlolegal.com

*Liaison Counsel for Lead Plaintiffs*

**POMERANTZ LLP**
Omar Jafri
(admitted *pro hac vice*)
Genc Arifi
(admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:   ojafri@pomlaw.com
         garifi@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE PAYSIGN, INC. SECURITIES LITIGATION | Case No: 2:20-CV-00553-GMN-DJ |
| | HON. GLORIA M. NAVARRO |
| | CLASS ACTION |
| | **DECLARATION OF OMAR JAFRI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

- 1 -

I, OMAR JAFRI, declare as follows pursuant to 28 U.S.C. §1746:

1.     I am a partner at the firm of Pomerantz LLP ("Pomerantz"), Lead Counsel in the above-captioned litigation.  I have overseen Pomerantz's prosecution of this Action, and have personal knowledge of the facts asserted herein.

2.     A copy of Pomerantz's resume was previously filed with the Court and is available at ECF No. 8-7.

3.     Pomerantz has actively engaged in the prosecution of the Action. Before reaching agreement in principle to settle this Action, Pomerantz had, among other things:  (i) reviewed and analyzed, *inter alia*, Paysign's SEC filings, press releases, and conference call transcripts, analyst reports, and news articles concerning Paysign; (ii) conducted numerous interviews with former employees of the Company; (iii) drafted the detailed Amended Complaint; (iv) analyzed and addressed Defendants' motion to dismiss arguments; (v) reviewed and analyzed thousands of documents produced by Defendants and third-parties; (vi) prepared responses to Defendants' discovery requests; (vii) prepared to take the depositions of Defendants' employees and third-party individuals; and (viii) participated in a month's long, arms'-length mediation process that ultimately yielded this Settlement.

4.     The chart below summarizes the hours, rate, and lodestar of each Pomerantz attorney who worked on this matter.

5.     The total number of hours spent on the litigation of the Action by my firm through today's date is 561.38. The total lodestar amount for attorney and paralegal time based on the firm's current rates is $484,476.30.  A breakdown of the lodestar is set forth in the chart below:

**Total Hours and Lodestar**

| NAME AND STATUS | TOTAL HOURS | RATE | TOTAL LODESTAR |
|---|---|---|---|
| Patrick V. Dahlstrom (P) | 21.25 | $1,300 | $27,625 |
| Joshua B. Silverman (P) | 62.30 | $1,100 | $68,530 |
| Alex Hood (P) | 6.90 | $975 | $6,727.50 |

| | | | |
|---|---|---|---|
| Omar Jafri (P) | 299.00 | $975 | $291,525 |
| James LoPiano (A) | 1.05 | $550 | $577.50 |
| Garth Lewis (PA) | 77 | $550 | $35,805 |
| Thomas Pryzyblowski (A) | 1.50 | $600 | $900 |
| Brian O'Connell (A) | .80 | $700 | $560 |
| Genc Arifi (A) | 80 | $600 | $48,000 |
| Jack Lo (PL) | 11.50 | $365 | $4,197.50 |
| Ellen Jordan (PL) | 0.08 | $365 | $28.80 |
| **Total:** | 561.38 | | $484,476.30 |

(P) – Partner; (A) – Associate; (PA) – Project Associate; (PL) – Paralegal

6.    Pomerantz incurred a total of $45,901.76 in unreimbursed expenses in connection with the prosecution of this litigation, including $4,000 in anticipated litigation expenses associated with the remaining activities in this Action.  They are broken down as follows:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Expert Fees | $14,442.48 |
| Private Investigator Fees | $17,271.50 |
| Legal Research Fees | $812.81 |
| Court Filing, Court Reporter, and Transcript Fees | $10.00 |
| Discovery Database Fees | $2,257.39 |
| Mediation Fee | $3,701.25 |
| FedEx and Postage/Photocopy | $210.20 |
| Meal and Conferences | $35.96 |
| Overtime-Clerical | $310.62 |
| Press Releases and Newswires | $2,425.87 |
| Process Server | $150.00 |
| Travel- Local | $273.68 |

- 3 -

- 4 -

| | |
|---|---|
| **Total:** | $45,901.76 |

7.    The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8.    Pomerantz's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare that the foregoing is true and correct.

Executed on March 13, 2024.

*/s/Omar Jafri*

Omar Jafri, Esq.