**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer
Nevada Bar No. 10161
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330.4505
Facsimile: (702) 825.0141
Email: andrew@mlolegal.com

*Liaison Counsel for Lead Plaintiffs*

**POMERANTZ LLP**
Omar Jafri
(admitted *pro hac vice*)
Genc Arifi
(admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:   ojafri@pomlaw.com
        garifi@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| IN RE PAYSIGN, INC. SECURITIES LITIGATION | Case No: 2:20-CV-00553-GMN-DJ<br><br>HON. GLORIA M. NAVARRO<br><br><u>CLASS ACTION</u><br><br>**REPLY IN SUPPORT OF PLAINTIFFS' CONSENTED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND THEIR UNOPPOSED APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARD TO PLAINTIFFS** |

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Johann Francisconi and Raheel Shahzad (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply in further support of their Consented Motion for Final Approval of Class Action Settlement and their Unopposed Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs, which were filed on March 13, 2024. *See* ECF Nos. 65-66. This reply[1] is supported by the Supplemental Declaration of Margery Craig Regarding Notice Administration (the "Supp. Mailing Decl."), attached hereto as Exhibit 1.[2]

## I.    PRELIMINARY STATEMENT

Final approval is warranted because the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $3,750,000. This cash payment, which represents approximately 10% of the $37.7 million that Plaintiffs' experts have estimated would be the maximum likely recovery using the standard two trader model based on the claims that have been sustained, is a good result for the Settlement Class, especially in light of the limited resources available to Defendants to pay any recovery. As detailed in Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 65-66), the Settlement is the product of hard-fought litigation and extensive arm's-length negotiations. It

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings set forth and defined in the Stipulation and Agreement of Settlement, filed on December 15, 2023 (the "Stipulation") (ECF No. 63-2).

[2] The "Settlement Class" consists of all persons and entities that purchased or acquired Paysign Inc.'s common stock between March 12, 2019, and March 31, 2020, both dates inclusive and were damaged thereby. Excluded from the Class are the Released Defendant Parties, including, without limitation, (i) Defendants; (ii) any person who served as a partner, control person, executive officer and/or director of Paysign during the Settlement Class Period, and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Paysign; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their immediate families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.

REPLY IN SUPPORT OF PLAINTIFFS' CONSENTED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND UNOPPOSED APPLICATION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARD TO PLAINTIFFS
2:20-CV-00553-GMN-DJA

represents a favorable result for the Settlement Class in light of the substantial challenges that Plaintiffs would have faced in proving liability and recovering damages.

Plaintiffs have satisfied all elements of the Notice program authorized by this Court in its Preliminary Approval Order, providing Settlement Class Members reasonable notice in plain language of the terms of the Settlement, the Plan of Allocation, and their opportunity to object to or seek exclusion from the Settlement. Approximately 16,437 Postcard Notices were mailed to potential Settlement Class Members and their nominees, 22,423 emails with the direct link to the Notice and Proof of Claim have been sent, and a total of 38,860 potential Settlement Class Members were notified by either mailed Postcard Notice or emailed a direct link to the location of the Notice and Proof of Claim on the Settlement website. Supp. Mailing Decl. at ¶4. Additionally, copies of the Notice and Proof of Claim, and other key documents were made available on a website for Settlement Class Members to review. *Id*. at ¶7. Finally, a toll-free hotline was established to answer questions of potential claimants. *Id*. at ¶6. Thus, the Notice provided constitutes the best notice practicable under the circumstances and satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and the Private Securities Litigation Reform Act of 1995.

The reaction of the Settlement Class confirms that the Settlement is a good result. The Court-ordered deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, Attorneys' Fees and Litigation Expenses, or Plaintiffs' requested reimbursement awards, or to opt-out of the Settlement, elapsed on March 20, 2024. ECF No. 64 at ¶21. As of this filing, the Claims Administrator has received 6,917 Proofs of Claim on behalf of purported Settlement Class Members seeking recovery under the Settlement, and no exclusions or objections to the Settlement have been received. Supp. Mailing Decl. at ¶¶8-10. The absence of objections and total lack of opt-outs, along with the benefits provided to

Settlement Class Members by the Settlement, support final approval of the Settlement by the Court.[3]

Accordingly, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees, expenses and reimbursement awards to Plaintiffs.

## II.    ARGUMENT

### A.    The Absence of Objections Strongly Supports Final Approval

The total absence of objections is strong evidence of the fundamental fairness of the Settlement, Plan of Allocation, attorneys' fees and litigation expenses, and requests for reimbursement awards to Plaintiffs. *See Ching v. Siemens Indus., Inc*., No. 11-CV-04838-MEJ, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) (lack of objections is a "positive response" and supports that "the settlement is favorable to the class members."). Where few or no class members object to a settlement, courts infer that the class as a whole approves of the settlement as fair, adequate, and reasonable. *See, Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc*., No. 3:09-CV-00419-MMD, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (ruling that one objection to a settlement supports its fairness, reasonableness, and adequacy); *In re Immune Response Sec. Litig*., 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("the lack of objection from any Class Member supports the attorneys' fee award."); *In re Heritage Bond Litig*., No. 02-ML- 1475-DT(RCX), 2005 WL 1594389, at *16 (C.D. Cal. June 10, 2005) (holding that one objector to a settlement in which notice was disseminated to over 6,000 potential class members, "is remarkably small given the wide dissemination of notice [and] [a]ccordingly, the Court concludes that the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund."); *Ching*, 2014 WL 2926210, at *8 (finding "the lack of objection

---

[3] Attached as Exhibit 2 is a revised [Proposed] Order for final approval of the Settlement that adds applicable dates and specifies that no Settlement Class Member objected to the Settlement or excluded themselves from the Settlement, but is otherwise identical to the Proposed Order previously submitted and filed at ECF No. 63-8.

from the class after notice further demonstrates the reasonableness and fairness of Class Counsels' fee request").  The Court can infer from the absence of objections, too, that a class approves of the awards to representative plaintiffs.  *See Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) (no objections to awards to class representatives support their approval); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *9 (N.D. Cal. Nov. 21, 2016) (approving award to plaintiffs, in part, as "[n]o one has objected to the proposed incentive award").

**B.     The Total Absence of Exclusions Supports Final Approval**

No  request to be excluded from the Settlement has been received.  *See* Supp. Mailing Decl. at ¶8.   That all eligible investors remain in the Settlement Class also strongly supports final approval.  *See, e.g.*, *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998) (holding that the "overwhelming majority" stayed in the class is "objective positive commentary as to its fairness"); *In re Omnivision Techs*., 559 F. Supp. 2d 1036, 1040 (N.D. Cal. 2007) (settlement found to be adequate, fair, and reasonable where there were only four requests for exclusion).

**IV.    CONCLUSION**

For all the reasons stated herein, and in the memorandum of law in support of Plaintiffs' Consented Motion for Final Approval of Class Action Settlement and in their Unopposed Application for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Awards to Plaintiffs (ECF Nos. 65-66), Plaintiffs respectfully request the Court to enter the attached Proposed Order and Final Judgment.

Dated: April 10, 2024                              Respectfully submitted,

                                                              **POMERANTZ LLP**

                                                              By: /s/ *Omar Jafri*

                                                              Omar Jafri (*pro hac vice*)
                                                              Genc Arifi (*pro hac vice*)
                                                              10 S. LaSalle Street, Suite 3505
                                                              Chicago, IL 60603
                                                              Telephone: (312) 377-1181

Facsimile: (312) 377-1184
Email: ojafri@pomlaw.com
garifi@pomlaw.com

***Lead Counsel for Plaintiffs***

**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer
Nevada Bar No. 10161
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@mlolegal.com

***Liaison Counsel for Plaintiffs***

REPLY IN SUPPORT OF PLAINTIFFS' CONSENTED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND UNOPPOSED APPLICATION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARD TO PLAINTIFFS
2:20-CV-00553-GMN-DJA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2024, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' CONSENTED TO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND THEIR UNOPPOSED  APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARD TO PLAINTIFFS** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *Andrew R. Muehlbauer*
Andrew R. Muehlbauer

REPLY IN SUPPORT OF PLAINTIFFS' CONSENTED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND UNOPPOSED APPLICATION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARD TO PLAINTIFFS
2:20-CV-00553-GMN-DJA